# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                               **PLAINTIFF**

v.                         **CASE NO. 4:11-CR-00199-BSM**

**LEE ADAMS**                                                                                          **DEFENDANT**
*Reg #55372-018*

## ORDER

Lee Adams's *pro se* motion for compassionate release [Doc. No. 67] is denied because there are not extraordinary and compelling circumstances to warrant early release. *See* 18 U.S.C. § 3582(c)(1)(A).

Adams was sentenced as an armed career criminal to 180 months of imprisonment for being a felon in possession of a firearm in Arkansas, and for being a felon in possession of ammunition in Florida. The sentences were run concurrently. Doc. No. 46. Adams is seeking compassionate release based on: (1) intervening changes in sentencing law; (2) family circumstances, specifically caring for someone he considers a brother; and (3) rehabilitation. His request is denied for four reasons.

First, compassionate release is not warranted because Adams's violent criminal history indicates that he is a danger to the community. PSR ¶¶ 26–39. Second, his family circumstances do not warrant early release because the person he wants to care for is not a blood relative and nothing indicates this person cannot be cared for by someone else. *See Pro Se* Mot. Compassionate Release at 7–8. Moreover, nothing shows that he cared for this person prior to imprisonment. *See United States v. Gonzalez*, No. 17-CR-60223, 2021 WL

4066897, at *5 (S.D. Fla. Sept. 7, 2021) (families of incarcerated individuals must "make necessary and inconvenient life adjustments during that individual's incarceration"). Third, a nonretroactive intervening change in the law does not constitute an extraordinary and compelling circumstance. *See United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). Fourth, Adams failed to exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A); *see also* United States' Resp. Def.'s Mot. Sentence Reduction Pursuant 18 U.S.C. § 3582(c)(1)(A), Ex. 1, Administrative Remedy Generalized Retrieval, Doc. No. 69. This is true because Adams failed to include any documentation indicating that he met the exhaustion requirement.

Finally, the section 3553(a) factors were considered at sentencing and nothing in the record supports a reduction. *See United States v. Ram*, No. 5:13-CR-50045, 2020 WL 3100837, at *3 (W.D. Ark. June 11, 2020) (no reason to revisit section 3553(a) factors when movant has not met his burden of showing extraordinary and compelling reasons to justify early release).

IT IS SO ORDERED this 20th day of December, 2024.

_____
UNITED STATES DISTRICT JUDGE